IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:18-CR-006 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| AESHA JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Matthew J. Cronin and Justin S. Gould, Assistant United States Attorneys, hereby submits the following Trial Brief.

**Estimate of Trial Length**

The United States anticipates that its case in chief should take no longer than five days (one week).

**Jury Instructions**

The United States provided proposed jury instructions to defense counsel on February 23, 2019. In the email, it asked that defense counsel respond by February 28, 2019 if he or his client have any objections to the proposed jury instructions. Defense counsel has not indicated any objections to the jury instructions. The United States thus filed the joint proposed jury instructions on March 1, 2019.

1

## Voir Dire

The United States provided proposed voir dire questions to defense counsel on February 23, 2019. In the email, it asked that defense counsel respond by February 28, 2019 if he or his client have any objections to the proposed voir dire. Defense counsel has not indicated any objections to the voir dire. The United States thus filed the joint proposed voir dire on March 1, 2019.

## Statement of the Case

The United States provided a proposed statement of the case to defense counsel on February 23, 2019. In the email, it asked that defense counsel respond by February 28, 2019 if he or his client have any objections to the proposed jury instructions. Defense counsel provided a revised version to the United States on March 1, 2019. The United States included the majority of the substantive edits and sent an email back, noting the small differences between the two versions and asking if there are any objections to this new version. Defense counsel did not indicate any objection to this new joint version. The United States thus filed the proposed statement of the case on March 1, 2019 with the additional language as stated herein.

## Stipulations

Defendant has indicated in open court and through counsel that she will not stipulate to any facts or documents in this case. The refusal to stipulate includes information relating to her prior conviction, which this court deemed admissible.

**Anticipated Legal Issues**

I.   **Defendant Cannot Argue Nor Opine on the Government's Non-Investigation or Non-Prosecution of Other Third Parties**

Defendant may attempt to tell the jury – through opening statement, closing argument, or witness examination – that the United States has failed to investigate or prosecute other third parties. Neither defense counsel nor any potential witness has any knowledge of the choices the United States makes in this sphere. *See Wayte v. United States*, 470 U.S. 598, 600 (1985) ("[i]n the federal criminal justice system, the Government retains broad discretion as to whom to prosecute"); *Ross v. Duggan*, 402 F.3d 575, 585 (6th Cir. 2004) (same). Thus, any assertion to the jury regarding this issue would be nothing more than improper idle speculation. As courts in this district have previously noted,

> One can readily understand why a defendant would want to delve into these matters. But the law simply does not let him do so, because 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Such 'judicial entanglement in the core decisions of another branch of government' as the Ninth Circuit noted in *United States v. Redondo-Lemos*, 955 F.2d 1296, 1299-1300 (9th Cir. 1992), 'especially as to those bearing directly and substantially on matters litigated in the federal court—is inconsistent with the division of responsibilities assigned to each branch by the Constitution.'"

*United States v. Skeddle*, 178 F.R.D. 167, 170 (N.D. Ohio 1996) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Moreover, any such allegation about whether or not the United States may prosecute a third party has absolutely no bearing on Defendant's guilt or innocence. "There is no right under the Constitution to have the law go unenforced against you, even if you are the first person against whom it is enforced, and even if you think (or can prove) that you are not as culpable as some others who have gone unpunished." *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 (6th Cir. 1996) ("The law does not need to be enforced everywhere to be legitimately enforced

3

somewhere; and prosecutors have broad discretion in deciding whom to prosecute").

Courts regularly forbid inquiry into such collateral issue when it would "divert[] the jury's attention to evidence that neither proved nor disproved [defendant's] guilt." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1024 n.4 (11th Cir. 2005) (overruled on other grounds); *United States v. Callahan*, 2014 U.S. Dist. LEXIS 16302, 5, 2014 WL 535690 (N.D. Ohio Feb. 7, 2014) (prohibiting defense "from presenting argument or eliciting testimony regarding Government charging decisions" because "[s]uch evidence is irrelevant and would only serve to confuse and mislead the jury and waste the Court's time."); *United States v. Ferguson*, 246 F.R.D. 107, 116 (D. Conn. 2007); *United States v. Sturdivant*, 2009 U.S. Dist. LEXIS 2026, *17 (N.D. Ill. Jan. 13, 2009) (rejecting "evidence divert[ing] the jury's focus to another person's wrongdoing and away from" the defendant's conduct at issue); *see also* Sixth Circuit Pattern Criminal Jury Instructions, 2015 Edition, Section 8.08 (Verdict Limited to Charges Against Defendant).

Therefore, the United States respectfully requests that this Court instruct defense counsel that he is not permitted to raise this issue before the jury.

## II. Defendant Cannot Argue or Reference any Claims of Selective Prosecution before the Jury

Defendant has not filed any motions or made any claims before this court of selective prosecution. The United States is aware, however, through a review of recorded jail calls that Defendant has significant animus towards the prosecution team. Therefore, the United States wanted to notify the court of a possibility that Defendant may try to introduce evidence or testimony at trial relating to selective prosecution or some vague claims of misconduct. The Sixth Circuit and other sister courts are clear on this issue: Any attempt to introduce such matters before the jury is strictly forbidden.

The Supreme Court has recognized that a claim of selective prosecution is not a jury question; such a claim "is not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1966). Indeed, any challenge to the lawfulness of a criminal investigation is an issue for the court and not the jury to decide. *See United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987).

> A defendant asserting selective prosecution...bears the heavy burden of establishing, at least prima facie, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights. *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974) (emphasis added). This test has been recognized in a majority of circuits.

*United States v. Bustamante*, 805 F.2d 201, 202 (6th Cir. 1986).

The Courts of Appeals have uniformly held that a defendant must raise a claim of selective prosecution by pretrial motion pursuant to Rule 12(b). Failure to file such a motion before trial results in a waiver. *See United States v. Edwards*, 188 F.3d 230, 237 (4th Cir. 1999) (emphasizing that Rule 12(b)(1) "by its terms and without exception" requires claims such as selective prosecution to be raised before trial); *United States v. Bryant*, 5 F.3d 474, 476 (10th Cir. 1993) (holding that selective prosecution claim which defendant attempted to raise during trial was waived); *Jarrett*, 704 F.2d at 204. Defendant's failure to file any such motion results in a complete waiver of the issue.

It is thus clear that Defendant may not raise a selective prosecution claim at trial. *See, e.g., United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983); *United States v . Berrigan*,

5

482 F. 2d 171, 175 (3d Cir. 1973), citing *Ford v. United States*, 273 U.S. 593, 606 (1927). *See also United States v. Engler*, 806 F.2d 425, 430 (3d Cir. 1986) ("The question whether governmental conduct was so outrageous as to constitute a violation of due process is a question of law to be determined by the court, not the jury."); *United States v. Salazar*, 720 F.2d 1482, 1488 (10th Cir. 1983); *United States v. Bertoli*, 854 F. Supp. 975, 1076 (D.N.J. 1994), vacated in part on other grounds, 40 F.3d 1384 (3rd Cir. 1994) ("Case law definitively establishes that questions of vindictive prosecution and Government misconduct are not proper questions for the jury to consider."); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y.1982) ("defendant does not have the right to present a selective prosecution claim to a jury"). The United States therefore respectfully requests that this Court instruct defense counsel that he cannot raise this issue either through argument, testimony, or other evidence at trial.

### III. Defendant Cannot Attempt Jury Nullification

Defendants have no right to present a nullification defense, or to introduce evidence or testimony for the purpose of inviting jury nullification. That includes arguing that a drug user assumes the risk of death when taking drugs, which is a gross misstatement of the law. Congress did not include any such defense when it enacted 21 U.S.C. § 841(b)(1)(C). In fact, Congress created the opposite legal regime: when dealers provide drugs to users, under the law the dealer assumes the risk that the user may die and, as a result, the dealer could be subject to an enhanced penalty. *See Burrage*, 134 S. Ct. at 881; *Volkman*, 797 F.3d at 377 (all that is required is showing that, without the "incremental effect" of the drugs that defendant provided, the victim would have lived); *Burkholder*, 816 F.3d at 607.

It is also improper for defense counsel to mention Defendant's potential sentence. The Sixth Circuit has made clear that any mention of a Defendant's potential punishment during trial

6

is improper. *See United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999); *see also* Sixth Circuit Pattern Jury Instruction 8.05, Punishment ("Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict"). There is no basis for the jury to hear this information. *See United States v. Calhoun*, 49 F.3d 231, 236 n.6 (6th Cir. 1995) (district court did not err in refusing to permit defendant to argue for jury nullification; the "trial court is surely not required to instruct the jury, as requested by appellant, that it has the power 'not to follow the instructions of the court,' or that the jury 'has a general veto power.'" (citation omitted)); *see also United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995) (not error to refuse to instruct jury on issue that invited jury nullification); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir.1993) ("A trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification").

Accordingly, the government respectfully requests that the Court instruct Defendant and his counsel that they are not permitted to argue or assert or otherwise present these or similar improper nullification arguments to the jury.

### IV. Summary Exhibits

The United States anticipates offering for admission one or more summary exhibits. In particular, the United States anticipates seeking admission of exhibits that summarize relevant portions of tax IP, phone, and other business and public records. Summary exhibits are admissible as evidence without a limiting instruction so long as the following conditions are met: (1) the underlying data is voluminous enough to make it difficult for the trier of fact to conveniently examine it in court; (2) the underlying data must also have been made available to the opposing party; (3) the underlying data is admissible (but not necessarily admitted); (4) the

data is presented accurately (i.e., it is not erroneous and does not include conclusions as to guilt within the text); and (5) the person who prepared the summary or supervised its preparation should offer it into evidence. *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (minor errors go to weight, not admissibility); *United States v. Scales,* 594 F.2d 558 (6th Cir. 1979) ("There is no requirement in Rule 1006, however, that it be literally impossible to examine the underlying records before a summary or charts may be utilized. All that is required for the rule to apply is that the underlying 'writings' be 'voluminous' and that in-court examination not be convenient."); Fed. R. Evid. 1006.

The underlying evidence in to these summaries are voluminous. The tax records alone fill almost two complete binders of exhibits. These reports therefore qualify as voluminous documents that cannot conveniently be examined in court. This data was provided to Defendant months ago pursuant to the United States' discovery obligation. In addition, the United States will offer the underlying relevant information into evidence beforehand. The summary exhibits are thus merely a summary that would allow the jury to examine the underlying admissible evidence in a non-burdensome manner. A witness who created or otherwise supervised the creation of the summary exhibits will authentic the document, explain the data's reliability, and explain how they were prepared in relation to the voluminous reports. *Badgett v. Rent-Way, Inc.*, 350 F Supp 2d 642 (W.D. Pa. 2004) (documents offered as summaries under FRE 1006 are necessarily selective compilations of relevant information created for litigation purposes— indeed, that is very reason for their existence); *see also United States v. Strissel*, 920 F2d 1162 (4th Cir. Md. 1990) (summary evidence may be admissible even though not all underlying documentation has been admitted so long as underlying evidence is admissible and available to opponent so that proper cross-examination may be had). Additionally, the United States needs to

provide the jury this evidence in this manner, as otherwise the information related to Defendant's other criminal activities but not immediately relevant to this case would be additionally highlighted as evidence and could result in the jury being unfairly prejudiced against the Defendant.

Unlike a mere illustrative aid, the proposed summary exhibits are a summary of actual voluminous admissible evidence that the United States anticipates admitting as evidence. It is therefore fully admissible as an exhibit and may go back with the jury during deliberations without a limiting instruction. *Bray*, 139 F.3d at 1110. There are also no issues with the underlying data's admissibility. The evidence are all public or business admissions of a party opponent, the witnesses' own statements and actions, or data generated by a computer. Data generated by a computer cannot be hearsay and is not testimonial. *See United States v. Hamilton*, 413 F.3d 1138 (10th Cir. 2005) (information generated by a computer without input from a person is not a statement and does not involve a declarant, placing such information outside the definition of hearsay); *United States v. Khorozian*, 333 F.3d 498 (3d Cir. 2003) (same); *see also United States v. Meyers*, 847 F2d 1408 (9th Cir. 1988) (since surveillance reports, although not admitted, were admissible under business record exception to hearsay rule stated in Rule 803(6), chart summarizing phone calls and events observed by surveillance teams is admissible under Rule 1006). The underlying evidence summarized in these exhibits is furthermore a core part of the investigation and thus intrinsic res gestae to the case.

The United States therefore anticipates seeking the admission of these exhibits at trial.

### V.    Government Representative and Separation of Witnesses

The United States respectfully requests that this Court issue a separation-of-witness order pursuant to Federal Rule of Evidence 615 and designates IRS Special Agent Richard Kushan as

its representative in this case to be present at counsel table throughout the trial. His presence in the courtroom during trial is essential to the presentation of the United States' case. *See* Fed. R. Evid. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); Fed. R. Evid. 615(c) (providing an additional exception for essential witnesses).

        Respectfully submitted,

        JUSTIN E. HERDMAN
        UNITED STATES ATTORNEY

By:   /s/ Matthew J. Cronin
        Matthew J. Cronin (VA: 80267)
        Justin Gould
        Assistant U.S. Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3955
        (216) 522-8355 (facsimile)
        Matthew.Cronin@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on March 1, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by email.

/s/ Matthew J. Cronin
Matthew J. Cronin
Assistant U.S. Attorney