# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AESHA JOHNSON, | CASE NO. 1:22-CV-00455 |
| | 1:18 CR 6 |
| Defendant-Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION |
| | AND ORDER |
| Respondent. | |

This matter comes before the Court upon Aesha Johnson's ("Ms. Johnson's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #1: Case No. 1:22-CV-00455; ECF #148: Case No. 1:18-CR-00006) (hereafter, all citations to Case No. 1:18-CR-00006). In her motion, Ms. Johnson raises two grounds for relief: (1) ineffective assistance of counsel; and (2) violation of her right under the Sixth Amendment to confront the witnesses against her. (ECF #148, page 4-5). Ms. Johnson later filed a Memorandum in Support of her motion. (ECF #154). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #159). Ms. Johnson did not file a reply.

## Background

On January 4, 2018, a federal grand jury in the Northern District of Ohio charged Ms. Johnson and her daughter Brittany Williams ("Ms. Williams") together in a 29-count indictment with the following offenses: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); 14 counts of wire fraud, in violation of 18 U.S.C § 1343 (Counts 2-15); and 14 counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (2) (Counts 16-29).

1

(ECF #4, PageID 13-34). On June 6, 2018, Ms. Williams pled guilty to all 29 counts of the indictment. (ECF #45, PageID 220).

On September 11, 2018, the grand jury returned a superseding indictment, again charging Ms. Johnson with the same 29 counts, plus a 30th count for witness tampering, in violation of 18 U.S.C. § 1512(b). (R.52: Superseding Indictment, PageID 280-301). Ms. Johnson pled not guilty to all charges and proceeded to a jury trial on March 4, 2019. (ECF #139, PageID 2209-10).

At trial, Ms. Johnson's counsel, Mr. W. Scott Ramsey ("Mr. Ramsey"), brought up Ms. Williams's guilty plea during his opening remarks and while cross-examining two of the government's witnesses. (ECF #242, PageID 2302-03). His strategy was to imply that Ms. Williams, who had already pleaded guilty, and another party, a Mr. Lanier, were responsible for the alleged conduct rather than Ms. Johnson. (ECF #159, PageID 2412). The government moved to introduce a redacted version of Ms. Williams's plea agreement for the purpose of clarifying what Ms. Williams had pleaded to "because defense counsel mischaracterize[d] the crime to which [Ms. Williams] has pleaded guilty." (ECF #134, page 447, lines 17-21). The court permitted the introduction of the plea agreement, which specified that Ms. Williams "admit[ed] to conspiring with the defendant, codefendant, Aesha Johnson, to commit the crime." (ECF # 134, page 447-48). Mr. Ramsey objected to the introduction of Ms. Williams's plea agreement but was overruled. (ECF # 134, page 448).

Ms. Johnson appealed her conviction to the Sixth Circuit Court of Appeals. (ECF #142). She raised six issues, including a claim that the district court erred by allowing Ms. Williams's plea agreement into evidence in violation of the Confrontation Clause. (ECF #142, PageID 2302-03). The Court of Appeals upheld her conviction, noting that Ms. Johnson had invited the error

2

by being the first party to raise the plea agreement, thereby putting the plea agreement at issue. (*Id.*).

Ms. Johnson timely filed the instant motion on March 22, 2022. (ECF #148). She asks this Court to vacate her judgment and grant a new trial pursuant to 28 U.S.C. § 2255. (ECF #148, page 13).

## Legal Standard

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (citation omitted). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

Thus, to prevail on her § 2255 motion, Ms. Johnson must prove by a preponderance of the evidence that her constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

3

## Analysis

In her motion, Ms. Johnson raises two grounds for relief: (1) ineffective assistance of counsel for inviting error that allowed her co-defendant Ms. Williams's guilty plea to be introduced at trial; and (2) ineffective assistance of counsel for failing to object to the introduction of the plea agreement on Confrontation Clause grounds. (ECF #50, PageID 249-51). She alleges that "[b]ut for counsel's ineffectiveness, there is a reasonable probability that the outcome of Ms. Johnson's trial and appeal would have been different." (ECF #154, page 1).

To prevail on an ineffective assistance of counsel claim, Ms. Johnson must show (1) "that [her] counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient under the first *Strickland* prong when it falls below an objective standard of reasonableness, and his errors are so serious that he was not functioning as the "counsel" guaranteed by the 6th Amendment. *Id.* at 686-88. In evaluating whether an attorney's performance was constitutionally deficient, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citing *Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005)). Courts "also must not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), overruled on other grounds, *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004) (en banc).

To establish prejudice under the second *Strickland* prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. If the evidence of a petitioner's guilt is overwhelming, she cannot possibly establish prejudice, even if counsel's performance was deficient. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Ms. Johnson's claims are meritless because she does not satisfy the elements of the *Strickland* test for either claim.

### 1. GROUND I: Ms. Johnson's claim of ineffective assistance of counsel for inviting error fails on the merits.

In Ground I, Ms. Johnson claims that her counsel's performance was deficient because he raised Ms. Williams's plea agreement during oral argument, which ultimately led to the court admitting into evidence a redacted version of the plea agreement. (ECF # 154, page 8). She contends that "[b]ut for counsel's unreasonable conduct in specifically inviting this error, the plea paperwork would not have been put before the jury and there is a reasonable probability that the outcome of the proceedings would have been different." She further contends that had her counsel not raised the plea issue first, then there is a reasonable probability that the Sixth Circuit would not have applied the invited error doctrine, and would instead have reversed her conviction based on the alleged Confrontation Clause violation. (ECF# 154, page 10).

### a. Ms. Johnson has not carried her burden of proof under the first *Strickland* prong because she presents no evidence or arguments to support her contention that her counsel was ineffective for introducing the plea agreement first.

A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness. *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Even if counsel's actions appear erroneous from hindsight, the assistance of counsel has not been constitutionally defective if the actions were taken for reasons that would appear sound to a competent criminal attorney. *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993). As a rule, for decisions "pertaining to the conduct of the trial, the defendant is 'deemed bound by the acts of his lawyer-agent.'" *New York v. Hill*, 528 U.S. 110 (2000) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)). The exceptions to this rule are few, and they do not encompass decisions regarding what arguments to pursue at trial. See *Hill*, 528 U.S. at 115.

The 6th Circuit Court of Appeals found that Ms. Johnson admitted that her defense strategy was to argue that Ms. Williams was the actual perpetrator. (ECF #142; PageID 2302). An affidavit provided by Mr. Ramsey states that he raised Ms. Williams's plea agreement and implied that Ms. Williams committed the fraud without Ms. Johnson as part of his intentional trial strategy. He also states that he discussed the strategy with Ms. Johnson before the trial began; and, that Ms. Johnson agreed with the trial strategy. (ECF #159-2, PageID 2411-12). Ms. Johnson and Mr. Ramsey devised and agreed on this trial strategy using the best facts available to them. These facts were that there were two people with the ability to commit the crime, and that these individuals appeared to have been guilty of committing the charged offenses. One of

6

these individuals, Ms. Williams, had already admitted her guilt in open court, and the other was deceased. The fact that Ms. Johnson's intentional trial strategy had consequences that she had not anticipated is not grounds for finding her counsel so ineffective that her Sixth Amendment right to counsel was violated.

Even if her counsel had not mentioned the plea agreement, the evidence showed that Ms. Johnson was linked to the fraud scheme and was part of a conspiracy. None of this evidence relied on Ms. Williams's guilty plea. Therefore, the admission of the plea agreement into evidence is also harmless error.

Because Ms. Johnson has not shown her counsel's trial strategy was so ill-chosen that it permeated the entire trial with obvious unfairness or that it prejudiced her defense, this claim lacks merit.

### b. Regardless of whether her counsel's performance was deficient, Ms. Johnson presents no evidence showing that the introduction of the plea agreement prejudiced her case on appeal.

Even if the performance of Ms. Johnson's counsel had been deficient for raising Ms. Williams's plea agreement first, Ms. Johnson has not shown that this deficiency prejudiced the outcome of her case. As the petitioner, Ms. Johnson has the burden to prove her claim by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

Ms. Johnson states that had the plea agreement not been put before the jury, "there is a reasonable probability that the outcome of the proceedings would have been different." (ECF #154, page 8). But she does not present any arguments to show how or why the introduction of the redacted plea agreement prejudiced the outcome of her trial. Instead, her arguments focus on the outcome of her appeal. Ms. Johnson claims that "had counsel not raised the plea issue first, there is a reasonable probability that the Sixth Circuit would have reversed Ms. Johnson's

7

conviction based on the apparent Confrontation Clause violation." (ECF #154, page 10). Ms. Johnson does not explain why the government would have still introduced the plea agreement if her counsel had not raised it first. She concludes, without supporting facts or argument, that the outcome of her appeal would also have been different without her invited error.

Ms. Johnson has failed to carry her burden to prove her claim by a preponderance of the evidence that the error prejudiced the outcome of the proceeding as asserted in Ground I. Under both prongs of the *Strickland* test, Ms. Johnson has failed to show that the actions taken by her counsel in raising Ms. Williams's plea agreement were unreasonable and prejudiced the outcome of her case at trial.

For the foregoing reasons, Ms. Johnson's first ground is without merit because she has not carried her burden of proof under the *Strickland* test to show that Mr. Ramsey's performance was deficient or that his performance prejudiced the outcome of the proceedings.

### 2. GROUND 2: Ms. Johnson's claim of ineffective assistance of counsel on Confrontation Clause grounds fails on the merits.

In Ground II, Ms. Johnson claims that her counsel's performance was deficient because he failed to object to the introduction of Ms. Williams's guilty plea on Confrontation Clause grounds. (ECF #148, page 5). She contends that had her counsel objected on Confrontation Clause grounds at trial, "there is a reasonable probability Court would have sustained the objection and excluded the plea paperwork from being introduced into evidence." (ECF #148, page 10-11).

The Confrontation Clause of the Sixth Amendment states in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

8

> a. **Ms. Johnson presents no evidence showing why her counsel was deficient for failing to raise an objection on Confrontation Clause grounds, and therefore her claim is without merit.**

Ms. Johnson claims that her counsel was deficient because he failed to object specifically on Confrontation Clause grounds to the introduction of the plea agreement. She does not explain how the failure to make that specific objection is grounds for finding that her counsel was so deficient that his performance falls below an objective standard of reasonableness. Nor does she explain how his errors are so serious that he was not functioning as the "counsel" guaranteed by the 6th Amendment.

Ms. Johnson's counsel, Mr. Ramsey, did object to the introduction of the plea agreement, and he was overruled. (ECF #134, page 448, lines 11-18). Though ordinarily a party must make a specific objection to oppose the introduction of evidence, a general objection is sufficient if a specific ground is "apparent from the context" of the objection. See Fed. R. Evid. 103(a)(1)(B) (noting that ground for objection need not be stated if apparent from context). Mr. Ramsey objected to the introduction of the plea agreement during a conversation discussing the fact that prior to Mr. Ramsey himself bringing up the plea agreement on cross-examination, "it would have been inappropriate for the Government to have introduced to a witness for the Government that a co-conspirator had already pled guilty to committing a crime with Aesha Johnson." (ECF #134, page 448, lines 4-7). From this context and the content of Mr. Ramsey's objection, it is apparent that the basis of his objection was the Confrontation Clause.

Further, Ms. Williams's plea agreement was not offered as testimony toward Ms. Johnson's guilt. (ECF #136, page 915, lines 14-17). It was offered to correct the mischaracterization of Ms. Williams's plea agreement in Mr. Ramsey's arguments so that the

9

jury did not misunderstand the charges Ms. Williams had pleaded guilty to. (ECF #134, page 447-48).

Ms. Johnson has not overcome the strong presumption that her counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Since she has not carried her burden of proof under the first prong of the *Strickland* test, her claim is without merit.

**b. Ms. Johnson does not show that her counsel's failure to raise a Confrontation Clause objection prejudiced the outcome of the proceeding, and she cannot make this showing because Ms. Johnson waived the objection by putting the plea agreement into issue herself.**

Ms. Johnson also does not show how her counsel's failure to object specifically on Confrontation Clause grounds to the introduction of the plea agreement prejudiced the outcome of the proceeding. Even if Mr. Ramsey had raised a specific Confrontation Clause objection, it would have been overruled because it had been waived.

Waiver is the intentional "relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 204 U.S. 458, 464 (1938). Waiver can be express or implied. Implied waiver can be established through "a course of conduct" even "absent formal or express statements of waiver." *Berghuis v. Thompkins*, 560 U.S. 370, 383-84 (2010) (quoting *North Carolina v. Butler*, 441 U.S. 369, 373 (1979)). Thus a defendant can impliedly waive the Sixth Amendment right to confront witnesses through their own or their counsel's conduct. *Hemphill v. New York*, 142 S. Ct. 681, 694 (Alito, J., concurring).

Other Constitutional rights can be waived. When a criminal defendant takes the stand to testify, she waives her Fifth Amendment privilege against self-incrimination. *Brown v. United States*, 356 U. S. 148, 155-156 (1958). By answering questions on examination, an accused "determines the area of disclosure and therefore of inquiry" and thus "cannot reasonably claim

10

that the Fifth Amendment gives him . . . an immunity from cross-examination on the matters he has himself put into dispute." *Id.*

Justice Alito has contended that "the Sixth Amendment right to confrontation should be analyzed no differently." *Hemphill*, 142 S. Ct. at 695 (2022) (concurring). The Justice reasoned that:

> "When a defendant introduces the statement of an unavailable declarant on a given subject, he commits himself to the trier of fact's examination of what the declarant has to say on that subject. . . . The defendant cannot reasonably claim otherwise, given his tactical choice to put the declarant's statements on the relevant subject in contention despite his unavailability for cross-examination." *Id.*

Here, Mr. Ramsey discussed his decision to introduce Ms. Williams's plea agreement with Ms. Johnson and obtained her agreement to follow that strategy. The scope of Ms. Johnson's opening statement and direct examinations covered the following topics: that Ms. Williams was Ms. Johnson's co-defendant; that Ms. Williams had "pled guilty to all charges in this case" (ECF #134, page 414 line 9-13); and, that the charges Ms. Williams pleaded guilty to include the fraudulent preparation and filing of taxes. (ECF #134, page 414 line 9-16; page 439 lines 7-14; page 445 lines 23-25). Ms. Johnson thereby waived her right to confrontation in regards to the scope of her questioning, including "all the charges" that Ms. Williams pleaded guilty to and whether those charges included the fraudulent preparation and filing of taxes. Ms. Johnson cannot now complain that the specific charges in Ms. Williams's redacted plea were introduced to the record, because the contents of the redacted plea agreement were within the scope of her own questioning. Further, the jury was given a limiting instruction instructing them to "not let the possible guilt of others influence your decision in any way." (ECF #136, page 915, lines 14-17); See also *United States v. Powers*, 500 F.3d 500, 511 (6th Cir. 2007) (citing substantially same jury instruction as evidence of harmless Confrontation Clause error).

11

Ms. Johnson presents no arguments to support her conclusion that there is a "reasonable probability" that an objection made on Confrontation Clause grounds would have been sustained. And even if she had presented such arguments, she would not be able to show by a preponderance of the evidence that the plea agreement would have been excluded because she waived her right to raise a Confrontation Clause objection. Therefore, Ms. Johnson has failed to carry her burden under the *Strickland* test, and her claim lacks merit.

### 3. A hearing on this motion is not required.

The court must accord the movant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). The Sixth Circuit has held that "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). Because Ms. Johnson has not presented any facts or argument that would be grounds for relief, the court is not required to hold a hearing on her § 2255 petition.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Ms. Johnson has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon

which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Ms. Johnson's Motion to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255 (ECF #1: Case No. 1:22-CV-00455; ECF #148: Case No. 1:18-CR-00006) is DENIED. Ms. Johnson's request for a new trial is DENIED. Ms. Johnson's request for a hearing on this matter is also DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
Donald C. Nugent
United States District Judge

DATED: October 17, 2022